UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANEAN BAIRD, LIANNA BANKORD, ERIN BURNISON, ELIZABETH BERAN, BRENT GOKEN, DICK GOKEN, RALSTON SCOTT JONES, ED MADISON, BRAD MOSBY, LIZBETH OGIELA-SCHECK, BLAIR VALENTINE, NATALIE WETZEL, and SAVANNAH WETZEL,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF NORMAL and BUSH DEVELOPMENT, LLC,<br><br>    Defendants. | Case No. 1:19-cv-1141 |

## OPINION & ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 38). Plaintiffs have filed a Response (Doc. 40) and Defendants have filed a Reply (Doc. 41). This matter is therefore ripe for review. For the following reasons, Defendant's Motion is granted in part and denied in part.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs are artists who contributed to a mural on a building located at 104 E. Beauford, Normal, Illinois. Defendant Town of Normal owns the building and plans to demolish it as part of a development project. Defendant Town of Normal contracted Defendant Bush Development, LLC, to carry out the development project including the demolition of 104 E. Beauford.

The question underlying this lawsuit is what happens to the mural. Defendant Town of Normal has considered destroying it or relocating it. (Docs. 40 at 6, 41 at 1–2). Plaintiffs commenced the lawsuit under the impression, they state, that destruction was Defendant Town of Normal's preferred option. (Doc. 40 at 4). Defendant Town of Normal stated in a January 2019 report it "would not seek to move the mural unless the demolition of the mural would subject the Town to unacceptable liability or unnecessary delay" and its officers made other similar statements. (Doc. 40 at 6–7). Plaintiffs therefore sought a temporary restraining order to prevent the destruction of the mural. (Doc. 9).

The Court held a hearing on that motion in May 2019. At that hearing, an attorney for Defendant Town of Normal represented it "will not be demolishing the mural" but rather "will be moving the mural." (Doc. 22 at 12). Additionally, the Court was informed the demolition of the building had been "tentatively planned for sometime in July" 2019. (Doc. 22 at 14). Finally, Defendant Town of Normal stated, through its attorney, that it planned to temporarily store the mural after removal while receiving proposals for its future. (Doc. 22 at 20).

The Court continued the hearing *sua sponte* and then granted an agreed motion to further continue the hearing. However, upon receiving a second motion to continue the hearing, the Court denied Plaintiffs' motion for a temporary restraining order, determining the timeline indicated a temporary restraining order was not proper at that point but also allowing Plaintiffs to submit a motion for a preliminary injunction within a week of an ordered settlement conference. (Doc. 27 at 3–4). As it

transpired, this deadline became July 1, 2019. (Minute Entry on 6/14/2019). Plaintiffs did not request a preliminary injunction. Defendants have not yet demolished 104 E. Beauford. In their present filings, Defendants state the demolition "will not occur until spring of 2020 at the earliest." (Doc. 38 at 2).

## LEGAL BACKGROUND

Plaintiffs are suing under the Visual Artists Rights Act of 1990 (VARA), 17 U.S.C. § 106A. As relevant here, VARA "provides a measure of protection for a limited set of moral rights" to artists, *Kelley v. Chicago Park District*, 635 F.3d 290, 298 (7th Cir. 2011), including the right "to prevent any intentional distortion . . . which would be prejudicial to [the artist's] honor or reputation" and the right "to prevent any destruction of a work of recognized stature," 17 U.S.C. § 106A(a)(3)(A-B). However, modification of a work of visual art resulting from "the public presentation, including lighting and placement, of the work is not a destruction, distortion, mutilation, or other modification . . . unless the modification is caused by gross negligence." 17 U.S.C. § 106A(c)(2).

Another section, providing an exception where a work is part of a building, has also been argued to bear on the instant case. *See* 17 U.S.C. § 113(d). Section 113(d) provides that if a work of visual art has been incorporated into a building such that destruction of the building would cause a harm to the artwork cognizable under § 106A(a)(3) the artist may waive their rights in writing. 17 U.S.C. § 113(d)(1). Moreover, if a work incorporated into a building can be removed without causing a cognizable harm under § 106A(a)(3), the artists' rights do not apply if "the owner has

3

made a diligent, good faith attempt without success to notify the author . . . [or] the owner did provide such notice in writing and the person so notified failed, within 90 days after receiving such notice, either to remove the work or to pay for its removal." 17 U.S.C. § 113(d)(2).[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. "The nonmovant bears the burden of demonstrating that such genuine issue of material fact exists." *Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 482 (7th Cir. 2018). A "genuine dispute of material fact" is one which would allow a reasonable jury to find in favor of the nonmoving party. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). Assertions that a fact is genuinely disputed or cannot be genuinely disputed must be supported by citations to evidence in the record. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018).

The record is viewed and all reasonable inferences drawn in favor of the nonmovant. *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 900 F.3d 529, 536 (7th Cir. 2018). However, inferences "supported by only speculation or conjecture will not defeat a summary judgment motion." *Carmody v. Bd. of Trs. of U. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018). The Court may not "make credibility determinations or weigh evidence on a motion for summary judgment" but it must nonetheless "decide

---

[1] There has been no allegation or evidence that Defendant Town of Normal, the owner in this case, ever submitted a written notice pursuant to § 113(d)(2).

4

what inferences can be *justifiably* be drawn from the nonmovant's evidence." *Zaya v. Sood*, 836 F.3d 800, 806 n.1 (7th Cir. 2016). In sum, the Court's role is limited to determining whether the nonmoving party has shown evidence that could allow a jury to find in its favor and whether the moving party is entitled to judgment as a matter of law if the material facts are undisputed.

## DISCUSSION

Article III of the United States Constitution states the judicial power of the federal courts extends only to cases or controversies. U.S. Const. Art. III § 2. Part of this limitation is a requirement that there be a substantial controversy of sufficient immediacy that the Court is not issuing an advisory opinion on a hypothetical state of facts. *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019). The concern over immediacy and certainty of harm animates ripeness doctrine. *Id*. "Ripeness concerns may arise when a case involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011).[2]

While the destruction of 104 E. Beauford is sufficiently immediate and certain for a claim arising out of it to be ripe, Plaintiffs' claims regard the treatment of the mural rather than the building. If the mural is safely removed from the building and

---

[2] The parties blend constitutional ripeness and prudential ripeness in their filings. Constitutional ripeness focuses on whether there is a sufficient injury for Article III, which usually deals with the certainty and immediacy of alleged injury, while prudential ripeness looks to the fitness of decision of the claim and hardship to the parties if judicial relief is denied. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014).

5

relocated in a manner and place that does not alter or impugn the artists intent, there will be no injury. Plaintiffs have not argued the mere relocation of the mural would implicate any rights under VARA. But if the mural is destroyed or the relocation and display are problematic—or as Plaintiffs phrase it "relocate the Mural to some unsightly or distasteful location, or present it in an ignoble, indecorous, or dishonorable manner" (Doc. 40 at 11)—the factual predicates underlying Plaintiffs' alternative claims would be present.[3] That the claimed harms are contingent presents a serious ripeness problem.

The prayer for relief in the Complaint (Doc. 1 at 27) seeks both injunctive relief and damages, in addition to costs and fees. The request for damages is clearly unripe in these circumstances for the simple reason that Plaintiffs have not suffered a compensable injury and might not; the sought damages are contingent upon the destruction or improper redisplay of the mural. They are purely in anticipation of events which may well not come to pass. *See Cent. States Se. & Sw. Areas Health and Welfare Fund by Bunte v. Am. Int'l Grp., Inc.*, 840 F.3d 448, 452 (7th Cir. 2016) (finding a claim was "clearly unripe" where it arose from "injuries that *have not yet occurred.*" (emphasis in original)).

The claim for injunctive relief provides a more difficult question. Defendants argue that Plaintiffs waived their right to injunctive relief by failing to file a motion

---

[3] The Court makes no comment on the existence of rights under VARA, or lack thereof, in the relocation and display of the mural because it is unnecessary to do so; the description of a potential claim here is not meant to remark on the merits but rather set forth the issues Plaintiffs have indicated they would seek to raise under certain circumstances.

for a preliminary injunction by the July 1, 2019 deadline set in the Court's prior Opinion. (Doc. 38 at 5–6). But pursuant to Federal Rule of Civil Procedure 16(b)(4), a schedule may be modified for good cause. Moreover, Defendants have not provided any support for the proposition that forgoing a preliminary injunction waives a request for a permanent injunction. Plaintiffs' responses have bolstered Defendants' argument, however. They indicate they have no plans to take further action "until the Defendants advise that they will soon commence their planned activity." (Doc. 40 at 8).

The Court does not need to get lost in these details, however. Plaintiffs have not adequately shown Defendants plan to destroy the mural. Plaintiffs purport to dispute that the mural is planned to be moved, but their dispute is they "have not received from the Defendants sufficient information about the relocation to be assured that relocation is the only plan under consideration, as opposed to destruction" coupled with Defendant Town of Normal's prior statement evincing a desire to destroy the mural. (Doc. 40 at 4). This is insufficient.

Plaintiffs' evidence certainly establishes that Defendant Town of Normal planned to destroy the mural in January 2019 but nothing Plaintiffs have submitted, even taken in the light most favorable to them, shows that intention survives in January 2020. The record now contains numerous statements by Defendant Town of Normal's agents—some made under penalty of perjury, others in risk of contempt of court or sanctions—that the mural will be preserved and moved despite Defendant's earlier plans. (Docs. 20 at 1–2, 22 at 12, 34 at 2, 38 at 96–97). In addition to such

7

statements, Defendants have submitted a signed contract with preservation experts to preserve the mural. (Doc. 38 at 120–123). By their own admission, Plaintiffs do not have evidence that Defendants are presently considering another plan, only a suspicion. (Doc. 40 at 4 ("The basis for disputing what Defendants plans about relocation may be is that Plaintiffs do not have definitive knowledge of Defendants' plans and that the Town has made public statements indicating that its preferred option is to destroy the mural rather than relocate it.")). While Plaintiffs' evidence shows Defendant Town of Normal was not inclined to preserve the mural prior to this lawsuit, the Court does not think a jury could reasonably infer from that alone that Defendant Town of Normal maintained that plan given the subsequent statements and contract. It was Plaintiffs' burden to show a genuine factual dispute through admissible evidence and Plaintiffs have not borne it.[4] Thus, the Court finds Plaintiffs claims are unripe.[5] *See Brandt v. Vill. of Winnetka, Ill.*, 612 F.3d 647, 651 (7th Cir. 2010) ("Predictions . . . need to be proved" to show a ripe Article III injury.).

---

[4] Plaintiffs have not attempted to show the plans to remove the mural subject would constitute gross negligence, another potential basis for injunctive relief.

[5] This refers to the Article III injury form of ripeness. As far as prudential ripeness goes, the Court would come to the same conclusion. The matter is not fit for decision at this time because further factual development is necessary; unless there is some showing that Defendants do not plan to remove the mural, plan to do so in a manner that is grossly negligent, or plan to display the mural in a manner that distorts or dishonors it, there is simply no dispute. And Plaintiffs' argument on hardship relies on the idea that the suit will be dismissed with prejudice (Doc. 40 at 9). This is not so, as explained *infra*. Therefore, there is very little hardship to Plaintiffs. They are free to revive their claims in a new case if any of the contingencies come to pass which would create a ripe dispute.

8

Plaintiffs suggest the Court should either stay the case or dismiss it with an order that Defendants provide them notice before the destruction of 104 E. Beauford. (Doc. 40 at 13–14). The Court cannot grant them either request. In finding the claim is constitutionally unripe, the Court is necessarily finding the judicial power of the United States does not yet extend to it. Therefore, this Court lacks jurisdiction to enter an order binding Defendants. And while a stay might be appropriate for a matter of mere prudential unripeness, lack of constitutional ripeness appears to mandate dismissal. *See S. Asian Coalition Cmty. Council v. SBC Commc'ns. Inc.*, 191 F.3d 842, 844 (7th Cir. 1999). Because the Court lacks jurisdiction, the matter must be dismissed without prejudice. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 573, 581–82 (7th Cir. 2019) *see also Amundson v. Wis. Dep't of Public Health Servs.*, 721 F.3d 871, 874 (7th Cir. 2013) ("If [the] plaintiffs' fears come to pass, they can return to court. If the fears do not come to pass, however, there is no legal injury, and an opinion today would be advisory.").

Defendants have further requested attorneys' fees and costs pursuant to 17 U.S.C. § 505. (Doc. 38 at 10). "The Copyright Act—of which [VARA] is a part—provides that 'in its discretion' a district court may award costs, including attorneys' fees to the 'prevailing party.'" *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 906 (7th Cir. 2019) (quoting 17 U.S.C. § 505). District courts consider "a series of nonexclusive factors, including frivolousness, motivation, objective unreasonableness of factual or legal positions, and considerations of compensation and deterrence" in determining

9

whether to grant a prevailing party attorneys' fees and costs. *Sullivan v. Flora, Inc.*, 936 F.3d 562, 575 (7th Cir. 2019).

The Court finds attorneys' fees and costs are not warranted. At the time Plaintiffs filed suit, it was far from clear the mural was going to be moved as opposed to destroyed, and thereafter they had a non-frivolous basis for arguing their rights under VARA could be violated. Defendants have not shown, and the course of litigation has not revealed, any improper motivation on Plaintiffs' part. Plaintiffs' factual and legal positions cannot be said to be objectively unreasonable, even if some have proven to be incorrect. And the Court sees no reason why deterrence or compensation would be appropriate here; frankly, the timeline suggests the mere filing of this lawsuit may have encouraged Defendant Town of Normal to preserve rather than destroy the mural, in accordance with VARA's purpose.[6] Awarding attorneys' fees to defendants who have technically prevailed because they course-corrected to avoid harming plaintiffs does not strike the Court as in accordance with the purpose of the statute.

---

[6] Defendants dispute this, stating Plaintiffs knew the mural would be moved when they filed suit. (Docs. 38 at 3). In support of that contention, they cite only Plaintiffs' Complaint—presumably for the date of suit—and Defendant Town of Normal's January 7, 2019, resolution allowing its city manager to remove and relocate the mural if she determined it was the best course. (Doc. 38 at 124). But as Defendants admit, statements were made around that time, including by the city manager on January 8, indicating Defendant Town of Normal still planned to demolish the mural after the resolution was passed. (Docs. 40 at 6–7, 41 at 2). Indeed, the contract to relocate the mural is dated May 6, 2019 (Doc. 17 at 70)—after the suit was commenced and a week after Defendant Bush Development was served with summons (Doc. 6).

## CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 38) is GRANTED IN PART AND DENIED IN PART. This case is DISMISSED WITHOUT PREJUDICE for want of jurisdiction and Defendants' request for costs and attorneys' fees under 17 U.S.C. § 505 is DENIED. The matter is terminated.

SO ORDERED.

Entered this 15th day of January 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
